Per Curiam.

The sole question of law presented is whether, under Section 3311.22, Revised Code, a county board of education has .authority to transfer an uninhabited tract of land from one school district to another.
At the time the Mathews case, supra, was decided, Section 4692, General Code, read in part:
“The county board of education may transfer a part or all of a school district of the county school district to an adjoining district or districts of the county school district.”
By amendment of that section, now Section 3311.22, Revised Code, the words, “by resolution adopted by majority vote of its full membership,” were inserted between the words, “may” and “transfer.” By this amendment the grant of power to the county board was not changed but only the number of votes required to exercise that power.
Section 4692, General Code, supra, provided also that such transfer shall not take effect “if a majority of the qualified electors residing in the territory to be transferred” shall file a remonstrance against such transfer. The statute as amended and now in effect (Section 3311.22, Revised Code) provides that such transfer shall not take effect “if a majority of the qualified electors residing in the territory transferred voting at the last general election” shall file a remonstrance. It will thus be seen that a statutory right to remonstrate was in effect when the Mathews case was decided and is now in effect under the amended statute which, however, makes it more difficult to obtain an effective remonstrance.
The basis for the holding in the Mathews case was that, since the statutory right to remonstrate was limited to those residing in the territory to be transferred, if such territory was uninhabited there was no authority to transfer.
This court is not in accord with that holding. A landowner as such has no voice in a remonstrance, whether his land is inhabited or uninhabited. Residence, not ownership, determines the right to remonstrate. The legislative provision for remonstrance is for the purpose of giving those residing in the district transferred the opportunity to prevent the transfer if they think it will work a hardship on them or will not be for the best interest of their children as pupils. No such question *295 can arise as to the transfer of uninhabited land. In empowering the county board to transfer territory, the General Assembly made no distinction between inhabited and uninhabited land. If such a distinction had been intended it could have been so stated and should not be inferred from a right to remonstrate.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ-., concur.